IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| LARRY G. WILKINS, | ) | CASE NO. 10-36468-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

ENTERED 02/22/2011

## MEMORANDUM OPINION

The court has held a hearing on the "Chapter 13 Fee Application" (Docket No. 22) filed by Jesse Aguinaga, Attorney at Law, P.C., the Debtor's attorney in the above captioned case ("Applicant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Larry G. Wilkins ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in Case No. 09-32188-H3-13, on April 2, 2009. Case No. 09-32188-H3-13 was dismissed, by order entered May 6, 2010, for failure of Debtor to make Chapter 13 plan payments.

Debtor filed a voluntary petition in the instant Chapter 13 case on August 2, 2010. Debtor filed a credit

counseling certificate, dated August 2, 2010.  Debtor did not file schedules, a statement of financial affairs, a Chapter 13 plan, a statement of current monthly income and calculation of commitment period and disposable income, or payment advices.

The instant case was dismissed, by order entered on September 23, 2010, for failure of Debtor to file the documents required under Section 521 of the Bankruptcy Code.  (Docket No. 15).  The dismissal order was vacated, by order entered January 20, 2011 (Docket No. 29) on motion of the Chapter 13 Trustee, William Heitkamp (Docket No. 18).[1]

In the instant application, Applicant seeks allowance of $2,526.00 in attorney fees.  Applicant's time records reflect that Applicant billed 9.3 hours, all at $285 per hour, on the instant case.[2]

Applicant's time records reflect that he spent 4.33 hours counseling Debtor prepetition in preparation for the filing of the instant case and preparation of the required documents.  Yet the documents were not filed.

---

[1] In the motion for vacatur of the dismissal order, the Chapter 13 Trustee asserted that the instant case was not filed in good faith, that the fees paid to Applicant were excessive, and that Applicant apparently did not prepare, file, or gather the information required by Section 521.  (Docket No. 18).  Trustee, however, does not oppose the instant application.

[2] The court notes that, in the previous case, Applicant billed, and collected from his client, $8,901.25.  The court allowed a fee of $7,243.75, and directed Applicant disgorge the remainder to Debtor.

2

At the hearing on the instant motion, the court requested that Applicant testify "as to the efforts you made at the outset to gather and file the documents required in a Chapter 13 bankruptcy." Applicant testified:

> MR. AGUINAGA:
>
> This is a complicated case, Your Honor. It is a business-class case. It involves eleven different pieces of real property, with one of the Debtor's real property being his homestead, with an aggregate value of over $2 million. This case also involves personal property valued at over $85,000, and out of the ordinary personal property in the form of livestock and farming implements. This case also involved separate family trust issues, federal tax liabilities–
>
> THE COURT:
>
> I understand it may have some complexities, Mr. Aguinaga. I want to know about your efforts to file the required Chapter 13 documents and to turn them in.
>
> MR. AGUINAGA:
>
> Yes, Your Honor. I will address the court's concerns. In addressing the court's concerns, some of those issues, would, in my opinion, be under my client's privilege. I have completed the schedules as detailed. I have completed the original documents that are required under statute, as my fee application shows.
>
> THE COURT:
>
> When did you do that?
>
> MR. AGUINAGA:
>
> Your Honor, I would have to reference my time records. On January, pardon me, on July 31, 2010.
>
> THE COURT:
>
> It does not appear to have seemed needful to you to file an extension of the automatic stay. Is that

correct?

MR. AGUINAGA:

No, Your Honor. I addressed that in my initial response to the Trustee's motion to dismiss with prejudice, which my client no longer opposes. In- the reason the motion to extend, according to my response, it would not have been failed [sic], Your Honor. There was no personal property that would be subject to a foreclosure and our legal strategy in that scenario would be to protect this Debtor under an order of confirmation.

THE COURT:

So what was the $80,000 plus personal property?

MR. AGUINAGA:

It is personal property in the form of motor vehicles, which are paid in full, Your Honor; a tractor, which is paid in full, Your Honor; horses, which are paid in full, Your Honor; and the personal household items of this Debtor.

THE COURT:

Any questions by the Trustee?

MR. THOMAS:

No, Your Honor. No questions.

THE COURT:

Anything else you wish to address, Mr. Aguinaga?

MR. AGUINAGA:

No, Your Honor. Hopefully the application speaks for itself. It has satisfied the Trustee. Hopefully it satisfies the court.

(Electronic Recording, Hearing held on January 27, 2011).

## Conclusions of Law

Under Section 330(a)(4)(B), the court may allow to counsel for an individual debtor in a Chapter 13 case "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B).

The other factors set forth in § 330 include:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In the instant case, the only light Applicant can shed on why the documents required under Section 521 of the Bankruptcy Code were not filed is that his time records indicate that he prepared them. Anything else, he suggests, is covered by attorney-client privilege. Instead, Applicant sought to evade this court's question by reviewing in detail the complexity of the case. In light of the fact that the documents were not

5

filed, the court cannot determine that the Debtor received any benefit from the services rendered in the instant case. In light of Applicant's evasive answers, the court cannot determine that the work performed was necessary to the administration of the case. The court concludes that the instant application should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Chapter 13 Fee Application" (Docket No. 22) filed by Jesse Aguinaga, Attorney at Law, P.C.

Signed at Houston, Texas on February 22, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE